UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUPO CHIROPRACTIC LIFE CENTER
P.C.,

      Plaintiff,                                Case No. 09-12615

v.                                            HONORABLE STEPHEN J. MURPHY, III

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
                                            /

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND** (docket no. 9)

In this action, Lupo Chiropractic Life Center P.C. ("Lupo") has sued State Farm Mutual Automobile Insurance Company ("State Farm"). Lupo apparently treated injured patients for spinal injuries and alleges that, under the Michigan No-Fault Act, Mich Comp. Laws §§ 500.3101, *et seq.*, State Farm is liable to Lupo for the costs of the treatments. Lupo seeks recovery under various state law theories, including fraudulent misrepresentation, tortious interference with a business relationship, declaratory relief, and reimbursement for allowable costs under Michigan statute.

Lupo originally filed its complaint in Macomb County Circuit Court on June 15, 2009, alleging the four counts noted above. On July 2, 2009, State Farm removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(a). The parties are of diverse citizenship. The only issue deals with the amount in controversy alleged in the complaint. At the time of removal, it was clear that the amount in controversy exceeded

$75,000.  Indeed, no party disputes this.  Although Lupo alleged in his complaint that he sought "entry of Judgment in Plaintiff's favor in an amount exceeding $25,000," which does not establish the amount in controversy requirement by a preponderance of the evidence, *see Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), the more specific allegations in the complaint demonstrate that the amount in controversy exceeds $75,000.[1] This demonstrates to the Court by a preponderance of the evidence that at the time the action was removed, the amount in controversy exceeded $75,000.  The parties being of diverse citizenship, jurisdiction attached at the time of removal.

Had the procedural posture of the case remained the same, this would end the analysis, and the Court would retain jurisdiction without any objection.  But, circumstances changed after State Farm removed.  Specifically, on July 31, 2009, the parties filed a stipulation order whereby Lupo agreed to voluntarily dismiss Counts III and IV of the complaint without prejudice, leaving only the counts for reimbursement of expenses and declaratory judgment, the recovery for which would not exceed $75,000.  The issue now is simple: the Court must determine whether the post-removal dismissal of the two counts, and the consequent reduction of the amount in damages sought to an amount below the jurisdictional minimum, divests this Court of subject matter jurisdiction.

The Court concludes that the subsequent voluntary dismissal of Counts III and IV and reduction of the damages sought does not divest this court of subject matter jurisdiction.

---

[1] Lupo's claim for reimbursement of costs seeks collection of benefits in the amount of $67,514.65.  Compl. ¶ 19, attached as Exhibit 1 to the Notice of Removal at docket no. 1. Lupo's claim for tortious interference with business relationship seeks recovery in the amount of $53,116.65.  *Id.* ¶ 30. Added together, the damages sought in these counts alone exceed $75,000.

The law in the Sixth Circuit is clear that "[I]n gauging the amount in controversy, courts view the claims from the vantage point *of the time of removal.* Claims present when a suit is removed but subsequently dismissed from the case thus enter into the amount-in-controversy calculation." *Everett*, 460 F.3d at 822 (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). More recently, the Sixth Circuit held in *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007), quoting the Supreme Court's seminal decision in *St. Paul Mercury*, that "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Id.* at 375 (quoting *St. Paul Mercury*, 303 U.S. at 293); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *Storball v. Atl. Recording Corp.*, 989 F. Supp. 845,847 (E.D. Mich. 1997) (Gadola, J.) (rejecting plaintiff's claim that remand was required because post-removal revised mediation summary limiting plaintiff's claims to below $75,000 divests the court of jurisdiction, relying on *St. Paul Mercury*).

Applying these principles to this case, subject matter jurisdiction attached once the case was removed and it was clear from the complaint that the amount in controversy more likely than not exceeded $75,000. Lupo's post-removal voluntary dismissal of Counts III and IV of the complaint, and consequent reduction of the amount in controversy below the jurisdictional amount do not oust the Court's jurisdiction once it attached.

Moreover, the Court finds Lupo voluntary dismissed Counts III and IV solely for the purpose of divesting the Court of subject matter jurisdiction. In a letter to defense counsel on July 14, 2009, attached as an exhibit to Lupo's motion to remand, Lupo's counsel states, "Once [counts III and IV] have been [dismissed], it is clear that federal jurisdiction is no

3

longer appropriate for the reasons that the amount of the disputed billings sought under Counts I and II is below the jurisdictional limited (sic) of the Court." Letter of July 14, 2009, docket no. 9, Ex. A. The Court recognizes that "the plaintiff ought not be able to defeat [defendant's statutory right of removal] and bring the cause back to the state court at his election." *Storball*, 989 F. Supp. at 848 (quoting *St. Paul Mercury*, 303 U.S. at 294).

The Court is not persuaded by the authority cited by Lupo in its brief in support of remand. Lupo cites *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008). Lupo's reliance, however, is misplaced. *Blackburn* did not hold, as Lupo says it did, that post-removal amendments to the complaint will divest the court of subject matter jurisdiction. Rather, it simply held that, pursuant to 28 U.S.C. § 1447(d),[2] it "lacked jurisdiction to *review* the final order of remand." *Id.* at 637 (emphasis added). Lupo also cites *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253 (6th Cir. 1996) for the same proposition. But again, *Anusbigian* offers Lupo no support here. *Anusbigian* also simply held that the Sixth Circuit lacked jurisdiction to review the district court's order of remand pursuant to 28. U.S.C. § 1447(d). Lupo also cites various other non-binding cases that purportedly support his position, but the Court finds that the cases either do not support its argument, of if they do, they are not persuasive and go against this circuit's precedent and the Supreme Court's holding in *St. Paul Mercury*.

For the foregoing reasons, Lupo's motion to remand will be denied.

## ORDER

---

[2] 28 U.S.C. § 1447(d) states, in pertinent part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ... "

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for remand (docket no. 9) is **DENIED**.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: January 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 8, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager
