UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUPO CHIROPRACTIC LIFE
CENTER P.C.,

                    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                    Defendant,

_____/

CASE NO. 2:09-CV-12615
JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PAUL J. KOMIVES

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SANCTIONS AND ATTORNEY FEES AND COSTS (Doc. Ent. 36)

### *Table of Contents*

I.      RECOMMENDATION: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     REPORT: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.     Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
           1.     The June 15, 2009 Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
           2.     The Court's July 13, 2010 Order Regarding September 2009 / April 2010 Discovery . . . . . . . . . . . . . . . . . . . . 3
           3.     The Court's January 26, 2011 Order of Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      B.     Defendant's February 2, 2011 Motion for Sanctions and Attorney Fees and Costs . . . . . . . . . . . . . . . . . . . . . 5
      C.     Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           1.     Defendant's Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           2.     Plaintiff's Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
           3.     The DRX9000™ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
           4.     Defendant's motion should be granted in part and denied in part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
               a.     Defendant's request for Rule 11 sanctions should be denied. . . . . . . . . . . . . . . . . . . . . . . . . . 10
               b.     Defendant's request for Rule 37 sanctions should be granted in part. . . . . . . . . . . . . . . . . . . . 11
               c.     Defendant's request for attorney fees under Mich. Comp. Laws § 500.3148(2) should be granted in part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
                   i.     Defendant's Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
                   ii.    This Court's Consideration of Mich. Comp. Laws § 500.3148(2) Fees . . . . . . . . . . . . 17
                   iii.   The Request for $22,500.20 in Attorney Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
                   iv.   The Request for $21,225 in Paralegal Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
                   v.    The Request for $7,314.88 in Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

III.    NOTICE TO PARTIES REGARDING OBJECTIONS: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

I.      **RECOMMENDATION:** The Court should grant in part and deny in part defendant's

motion for sanctions pursuant to Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37(d)(3), and attorney

fees and costs pursuant to Mich. Comp. Laws § 500.3148(2) (Doc. Ent. 36).  Specifically,

defendant's request for Rule 11 sanctions should be denied (Section II.C.4.a); defendant's

request for Rule 37 sanctions should be granted in part (Section II.C.4.b); and defendant's

request for attorney fees under Mich. Comp. Laws § 500.3148(2) should be granted in part

(Section II.C.4.c).[1]

II.     **REPORT:**

A.      **Background**

1.      **The June 15, 2009 Complaint**

Plaintiff filed this case on or about June 15, 2009 in Macomb County Circuit Court.  Doc.

Ent. 1 at 5-15 (Case No. 09-2765-NF).  Plaintiff's causes of action included (I) a claim for

reimbursement of allowable expenses pursuant to Mich. Comp. Laws §§ 500.3101, et seq. (¶¶ 8-

21) with respect to defendant's insureds Jennifer Dunn, Regina Harrison, Gail Lowery, Paul

Pendleton and Jasend Peifer;[2] (II) declaratory relief (¶¶ 22-24); (III) tortious interference with

business relationship (¶¶ 25-30); and (IV) fraud and misrepresentation (¶¶ 31-40).  Plaintiff's

prayer for relief included compensatory damages, exemplary damages, and costs and attorney

fees.  Doc. Ent. 1 at 15.

---

[1]The Court may wish to offset any amount awarded to defendant by the reasonable attorney
fees and expenses plaintiff incurred in appearing on March 11, 2011 (the date for which the hearing
was originally noticed).

[2]Chapter 31, Mich. Comp. Laws §§ 500.3101 - 500.3179, governs "Motor Vehicle Personal
and Property Protection".

Defendant removed the case to this Court on July 2, 2009 (Doc. Ent. 1 at 1-3) and filed an answer on July 10, 2009 (Doc. Ent. 5).  On July 31, 2009, Judge Murphy entered a stipulated order dismissing Counts III and IV of plaintiff's complaint.  Doc. Ent. 8.  Thereafter, only Counts I (claim for reimbursement of allowable expenses pursuant to Mich. Comp. Laws §§ 500.3101, et seq.) and II (declaratory relief) remained.

On the same day that Judge Murphy entered the stipulated order, plaintiff filed a motion to remand action to state court pursuant to 28 U.S.C. § 1447 ("Procedure after removal generally").  Doc. Ent. 9.  On January 8, 2010, Judge Murphy entered an opinion and order denying the motion for remand.  Doc. Ent. 14.[3]

**2.     The Court's July 13, 2010 Order Regarding September 2009 / April 2010 Discovery**

On April 20, 2010, defendant filed a motion to compel responses to discovery (Doc. Ent. 20), which was based upon defendant's September 30, 2009 first request for production of documents (Doc. Ent. 20-1).  Defendant "respectfully request[ed] [that] this Honorable Court enter an Order compelling Plaintiff to fully respond to its discovery requests within seven days of the date of the Order."  Doc. Ent. 20 at 3.

On May 27, 2010, defendant filed a second motion to compel responses to discovery (Doc. Ent. 22), which was based upon the April 19, 2010 first set of interrogatories to plaintiff (Doc. Ent. 22-2) and the April 19, 2010 second request for production of documents to plaintiff (Doc. Ent. 22-3).  Here, too, defendant "respectfully request[ed] [that] this Honorable Court

---

[3]Pursuant to the Court's April 7, 2010 order (Doc. Ent. 19) granting motion to extend dates (Doc. Ent. 18) and modifying the scheduling order (Doc. Ent. 12), the discovery cut-off was August 27, 2010 and dispositive motions were due by October 1, 2010.

enter an Order compelling Plaintiff to fully respond to its discovery requests within seven days of the date of the Order."  Doc. Ent. 22 at 3.

On July 13, 2010, I entered an order granting in part these motions, noting that plaintiff had not filed a response to either motion.  My order required plaintiff to respond to the discovery requests on which these motions were based within seven (7) days of the date of the order.  My order also provided that defendant's requests for an award of "reasonable attorney fees so wrongfully incurred in bringing this Motion along with whatever other relief this Court deems appropriate[,]" were denied without prejudice to renewal once the discovery had been produced. Doc. Ent. 26.

### 3.    The Court's January 26, 2011 Order of Dismissal

On July 28, 2010, defendant filed a motion to dismiss or, in the alternative, hold plaintiff in contempt, and extend all dates in this matter.  Doc. Ent. 27.  Specifically, "State Farm move[d] this Honorable Court to dismiss this cause of action for Plaintiff's blatant failure to obey this Court's Order providing discovery and also for Plaintiff's failure to comply with the Federal Court Rules regarding discovery or, in the alternative, hold Plaintiff in contempt and award appropriate sanctions for Plaintiff's willful disregard to this Court's Order and the Federal Rules of Civil Procedure, as well as grant State Farm attorney fees and costs for having to file this Motion."  Doc. Ent. 27 at 4, 12.  This motion was based upon Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41.  Doc. Ent. 27 at 7.

Judge Murphy referred this motion to me for entry of a report and recommendation.  Doc. Ent. 28.  On September 13, 2010, I entered an order directing plaintiff to file any response to defendant's July 28, 2010 motion (Doc. Ent. 27) no later than September 28, 2010.  Furthermore,

my order cautioned plaintiff that failure to respond to the pending motion may result in my entry of a report and recommendation that the case be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.  Doc. Ent. 29.[4]

On September 28, 2010, plaintiff filed a response to defendant's motion to dismiss or in the alternative, hold plaintiff in contempt and extend all dates in this matter.  Included in this filing is plaintiff's counter-motion to dismiss this action to avoid further harassment, embarrassment and harm to the physician-patient relationship.  Doc. Ent. 31.  Specifically, "Plaintiff move[d] this Honorable Court to DENY Defendant, State Farm Mutual Automobile Company's[] Motion and[,] in the alternative, Plaintiff respectfully request[ed] that this matter be dismissed without prejudice and without costs to either party."  Doc. Ent. 31 at 5.

On October 4, 2010, defendant filed a reply, wherein it asserted that it "would agree to dismissal upon the payment of costs and attorney fees."  Doc. Ent. 32 at 1-2.

On January 26, 2011, Judge Goldsmith conducted a telephonic conference.  That same day, he entered an order dismissing plaintiff's claims with prejudice and withdrawing defendant's motion to dismiss "without prejudice to Defendant's right to file a motion for sanctions on or before February 2, 2011."  Doc. Ent. 35.

**B.     Defendant's February 2, 2011 Motion for Sanctions and Attorney Fees and Costs**

Currently before the Court is defendant's February 2, 2011 motion for sanctions pursuant to Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37(d)(3), and attorney fees and costs pursuant to Mich.

---

[4]On September 16, 2010, this case was reassigned from Judge Murphy to Judge Goldsmith. Doc. Ent. 30.

5

Comp. Laws § 500.3148(2).  Doc. Ent. 36.  On February 24, 2011, plaintiff filed a response.

Doc. Ent. 38.

Judge Goldsmith has referred this motion to me for hearing and determination.  Doc. Ent.

37.  However, I lack jurisdiction under 28 U.S.C. § 636(b)(1)(A) to hear and determine this

matter; therefore, I am issuing a report and recommendation subject to de novo review. *Massey*

*v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993) ("motions for sanctions, fees and costs

are not to be determined by a magistrate judge[,]" "the magistrate judge in the instant case did

not have the authority to rule upon post-dismissal motions for sanctions, fees and costs as

requested by the district court.").

A hearing on this motion was noticed for March 11, 2011.  Doc. Ent. 39.  On the date set

for hearing, plaintiff's counsel appeared for oral argument.  The hearing was renoticed for March

15, 2011 (Doc. Ent. 40), and on that date attorneys Heather J. Atnip and Diane L. Hewson

appeared.

**C.     Analysis**

**1.     Defendant's Arguments**

Defendant's motion seeks three (3) specific forms of relief.  Doc. Ent. 36 at 4.  First, it

seeks an order "[g]ranting its Motion in its entirety pursuant to Fed. R. Civ. P. 11, Fed. R. Civ. P.

37(d), and/or M.C.L. § 500.3148(2)[.]"  Second, it seeks an award of "reasonable attorney fees

and expenses so wrongfully incurred in defense of this action in the aggregate amount of

$51,039.88 or whatever other amount this Honorable Court determines to be reasonable[.]"

Third, it requests that the Court "[f]ind[] Plaintiff and its counsel jointly responsible to pay the

sanctions awarded to State Farm by this Honorable Court[.]" Doc. Ent. 36 ¶ 21 & p. 22.

6

In support of its motion, defendant supplies the February 2, 2011 affidavit of James F. Hewson. Doc. Ent. 36-4. The exhibits to this affidavit include attorney fee invoices totaling $8,065.00, $7,292.50, $9,410.00, $9,467.50 and $9,490.00 (Doc. Ent. 36-5 at 25 [Peifer, Jasend], 49 [Pendleton, Paul], 76 [Dunn, Jennifer], 102 [Harrison, Regina], 129 [Lowery, Gail]); attorney costs invoices totaling $1,462.78, $1,462.78, $1,463.71, $1,462.83 and $1,462.78 (Doc. Ent. 36-6 at 7 [Dunn, Jennifer], 13 [Harrison, Regina], 19 [Lowery, Gail], 25 [Peifer, Jasend], 31 [Pendleton, Paul]); and copy of the 2007 Economics of Law Practice Summary Report (Doc. Ent. 36-7).[5]

Of the $51,039.88 sought, the attorney fee invoices total $43,725.20 (Doc. Ent. 36-5 at 25, 49,[6] 76, 102, 129), and the attorney cost invoices total $7,314.88 (Doc. Ent. 36-6).

2.      **Plaintiff's Arguments**

In response, plaintiff argues that Fed. R. Civ. P. 11 sanctions "are completely inappropriate in the instant matter where plaintiff filed a legitimate complaint seeking reimbursement for incurred expenses for service provided under the Michigan No-Fault Act." Doc. Ent. 38 at 13-14. Next, plaintiff argues that defendant "may not file any other motion for sanctions in conjunction with sanctions brought pursuant to [Fed. R. Civ. P. 11(b)][,]" and "sanctions pursuant to [Fed. R. Civ. P. 37] and/or [Mich. Comp. Laws § 500.3148] are also inappropriate [as] a legitimate cause of action was commenced." Doc. Ent. 38 at 14-15. Finally, plaintiff responds, "[i]n the event that this Court finds that defendant is entitled to sanctions,

_____

[5]However, the Court notes that the State Bar of Michigan has recently released the 2010 Economics of Law Practice Survey.

[6]There appears to be a miscalculation in the amount of twenty (20) cents in the total of fees sought with respect to Pendleton. Doc. Ent. 36-5 at 26-49.

plaintiff is entitled to an evidentiary hearing as to defendant's alleged attorney fees and costs."
Doc. Ent. 38 at 15-16.

Attached to plaintiff's response are articles (Doc. Ent. 38-1, Doc. Ent. 38-2), a May 13, 2010 electronic mail exchange between plaintiff's counsel and defense counsel (Doc. Ent. 38-4), the affidavit of Joseph Lupo, D.C. (Doc. Ent. 38-5) and a September 2, 2010 electronic mail from plaintiff's counsel to defense counsel (Doc. Ent. 38-6).

**3.     The DRX9000**™

It is evident that claims in this case concern those performed with the DRX9000™ machine.  In response to the instant motion, plaintiff states it "possesses evidence to support the efficacy of the DRX 9000, including numerous instances of patient improvement following treatment; however, due to the tort[i]ous interference with the patient-physician relationship as well as [Health Insurance Portability and Accountability Act of 1996 (HIPAA)] regulations, Plaintiff offered to dismiss this action rather than expose his patients and his business practice to irreparable harm by an entity with limitless resources."  Doc. Ent. 38 ¶ 13.  Plaintiff further states its "claim against State Farm is completely legitimate as evidenced by the fact that this very same issue is repeatedly litigated against State Farm across the country. Moreover, a review of Defendant's own billing records show that defendant has in its possession numerous articles supporting the efficacy of Decompression/DRX9000."  Doc. Ent. 38 ¶ 14.  According to Axiom Worldwide's website, "[w]e created the DRX9000™ True Non-Surgical Spinal Decompression™ System to assist healthcare providers in their effort to treat low (lumbar) back pain.  The DRX9000™ provides a primary treatment modality for the management of pain and disability for patients suffering with incapacitating low back pain and sciatica.  The system is

designed to apply spinal decompressive forces to compressive and degenerative injuries of the

spine.  It has been found to provide [relief] of pain and symptoms associated with herniated

discs, bulging or protruding intervertebral discs, degenerative disc disease, posterior facet

syndrome, and sciatica."  *See* http://axiomworldwide.com/drx9000-lumbar.asp.

This machine has been the subject of some federal cases.  *See, i.e., North American*

*Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1216 (11th Cir. 2008) ("In the present

lawsuit, NAM and Adagen allege that Axiom engaged in unfair competition by infringing

NAM's trademarks and by issuing false advertising regarding the DRX 9000.");[7] *Newman v.*

*Axiom Worldwide*, No. 06-5564, 2010 WL 2265227 (D.N.J. June 2, 2010) (granting plaintiffs'

motion for default judgment where breach of express warranty claim and New Jersey Consumer

Fraud Act claim concerned the DRX9000); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No.

8:06-cv-571-T-33TBM, 2008 WL 5341140, 1 (M.D. Fla. Dec. 19, 2008) ("Plaintiffs also allege

that Defendants and others acting in concert 'did sell and cause to be sold spinal decompression

tables known as DRX9000 tables (and related tables) to various doctors under various false and

fraudulent representations when they had knowledge and should have known that such

representations were false and fraudulent ... knowingly causing false and fraudulent claims to be

presented to Medicare and other federal healthcare programs officials.'");[8] and *Axiom*

*Worldwide, Inc. v. Becerra*, No. 8:08-cv-1918-T-27TBM, 2009 WL 1347398, 7 (M.D. Fla. May

13, 2009) ("Spinal Aid and Liberti move to dismiss Plaintiffs' defamation claim, which alleges

---

[7]*See also North American Medical Corp. v. Axiom Worldwide, Inc.*, No. 1:06-cv-1678-JTC 2009 WL 1035248 (N.D. Ga. April 9, 2009).

[8]*See also U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2009 WL 1424213 (M.D. Fla. May 20, 2009); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2009 WL 764528 (M.D. Fla. Mar. 20, 2009).

that Defendants falsely stated on their website that Axiom LLC has been subject to criminal

charges concerning its advertisement of the DRX 9000.").

Although the Court was not able to locate a state court case on Westlaw® which

mentions this machine, plaintiff's counsel mentioned that she handled a case against State Farm

concerning treatment with the DRX9000™ machine at Farkas (Spinal Aid Center) on Woodward

(Berkley, Michigan), and defense counsel mentioned that there is a case concerning the

DRX9000™ in which the Attorney General of the State of California is participating.

**4.      Defendant's motion should be granted in part and denied in part.**

**a.      Defendant's request for Rule 11 sanctions should be denied.**

Defendant argues that it is entitled to sanctions under Fed. R. Civ. P. 11.  Doc. Ent. 36 at

11-14.  However, defendant's motion should be denied to the extent it seeks Rule 11 sanctions.

Fed. R. Civ. P. 11 specifically provides:

> A motion for sanctions must be made separately from any other motion and must
> describe the specific conduct that allegedly violates Rule 11(b). The motion must
> be served under Rule 5, but it must not be filed or be presented to the court if the
> challenged paper, claim, defense, contention, or denial is withdrawn or
> appropriately corrected within 21 days after service or within another time the
> court sets. If warranted, the court may award to the prevailing party the
> reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) ("Motion for Sanctions.").

Defendant's February 2, 2011 motion does not comply with Rule 11(c)(2), as it is made

in conjunction with requests for relief under Fed. R. Civ. P. 37 (Doc. Ent. 36 at 14-15) and Mich.

Comp. Laws § 500.3148(2) (Doc. Ent. 36 at 16-19).  Furthermore, defendant filed this motion

before it complied with Rule 11(c)(2)'s safe-harbor provision.  Finally, if, in fact, defendant

believed this case merited Rule 11 sanctions on the basis that plaintiff's claims did not comply

with Fed. R. Civ. P. 11(b), then defendant might have filed a Fed. R. Civ. P. 11(c) motion for

sanctions at an earlier date.

**b.**     **Defendant's request for Rule 37 sanctions should be granted in part.**

*i.*     Defendant argues that it is entitled to sanctions under Fed. R. Civ. P. 37.  Doc. Ent. 36 at

14-15. Fed. R. Civ. P. 37(b)(2) governs sanctions for the failure to comply with an order of the

Court.  In pertinent part, Rule 37(b)(2) provides:

> If a party or a party's officer, director, or managing agent--or a witness designated
> under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit
> discovery, including an order under Rule 26(f), 35, or 37(a), the court where the
> action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other
>> designated facts be taken as established for purposes of the action,
>> as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing
>> designated claims or defenses, or from introducing designated
>> matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order
>> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) ("*For Not Obeying a Discovery Order.*").  Furthermore, Fed. R. Civ.

P. 37(b)(2) provides that "[i]nstead of or in addition to the orders above, the court must order the

disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) ("*Payment of Expenses.*").

Also, Fed. R. Civ. P. 37(d) concerns a "Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection."  In part, this subsection provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Doc. Ent. 37(d)(3) ("Types of Sanctions.").

***ii.***    With respect to Fed. R. Civ. P. 37, defendant contends:

> As discussed in greater detail above, not only did Plaintiff fail to provide the discovery sought by State Farm and ordered by this Honorable Court, it supplied no substantial justification for its actions, compelling the Court to dismiss this action with prejudice. While dismissal, itself, is a sanction, that alone is insufficient to redress Plaintiff's flagrant abuses and the prejudice caused to state Farm. ***Plaintiff and its counsel were simply content to let State Farm expend significant resources to defend the unsubstantiated allegations contained in the Complaint while they did nothing to live up to their own obligations under the Federal Rules of Civil Procedure and imposed by this Court.***
>
> In fact, as discussed below and documented in the attached exhibits, State Farm incurred a significant amount of expenses in defense of this claim over the 18 months that it was pending on the Court's docket. The fact that Plaintiff and its counsel could not demonstrate that their conduct was substantially justified warrants further sanctions of an award of State Farm's costs and attorney fees. Again, Plaintiff and its counsel had no business letting this case remain on the Court's docket for that amount of time when they had no evidentiary support for it and/or no desire to communicate that support to State Farm.

Doc. Ent. 36 at 15 (emphasis in original).

In response, plaintiff states:

12

> Considering the facts of the case at bar, more specifically that Plaintiff has been attempting to dismiss this action by the stipulation of the parties since June of 2010 and did not receive[] a response from Defendant . . . until the filing of its [07/28/10] Motion to Dismiss Or In The Alternative, Hold Plaintiff In Contempt And Extend All Dates In This Matter[]. [A]nd[,] even after that Motion was filed, Plaintiff's inquiries regarding a stipulation to dismiss remained unaddressed by Defendant[.] [T]he award of attorney fees is totally unsupported by the facts of this case. Moreover, since Plaintiff has been trying to dismiss this action since June of 2010, or at the very least have a discussion concerning this case, the attorney fees incurred by the Defendant are solely the result of Defense counsel's actions.

Doc. Ent. 38 at 15.

***iii.*** As an initial matter, I note that plaintiff's only filings since defendant removed the case to this Court on July 2, 2009 have been (1) its July 31, 2009 motion to remand (Doc. Ent. 9); (2) its September 28, 2010 response and counter-motion to dismiss (Doc. Ent. 31); and (3) its February 24, 2011 response (Doc. Ent. 38) to the instant motion.  In addition to these filings, plaintiff did stipulate to the dismissal of Counts III and IV (Doc. Ent. 8) and was likely represented at the August 19, 2009 scheduling conference before Judge Murphy and the January 26, 2011 status conference with Judge Goldsmith.

By contrast, in addition to removing the case to this Court on July 2, 2009 (Doc. Entries 1-3), defendant answered the complaint on July 10, 2009 (Doc. Entries 4-6), responded to the motion to remand on August 14, 2009 (Doc. Ent. 10), filed a motion to extend on February 5, 2010 (Doc. Ent. 18), filed motions to compel in April and May 2010 (Doc. Entries 20 and 22) and filed the instant July 28, 2010 motion to dismiss (Doc. Ent. 27), regarding which it filed an October 4, 2010 reply, wherein it states that "[a]lthough [Counts III and IV] were eventually dismissed by the Plaintiff, they were not dismissed before the Defendant was forced to file an

13

Answer[,]" Doc. Ent. 32 at 2.  Defendant has also filed the instant motion for sanctions.  Doc. Ent. 36.[9]

*iv.*      My recommendation regarding the instant motion is informed by the motion papers for defendant's July 28, 2010 motion to dismiss or, in the alternative, hold plaintiff in contempt, and extend all dates in this matter (Doc. Ent. 27), which was based in part upon Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b).  Doc. Ent. 27 at 8.

In its September 28, 2010 response to that motion, plaintiff claimed that "[s]ince June 2010, attorney Heather Atnip of Romanzi Atnip, PC has been trying to communicate with attorney Diane Hewson of Hewson & VanHellemont, PC, in an effort to voluntarily dismiss this case because Plaintiff Lupo Chiropractic Life, PC is, for lack of a better word, afraid of the harm that will result from engaging in a battle with the insurance behemoth State Farm.  For a multitude of reasons, Ms. Hewson did not respond to Ms. Atnip's multiple emails, messages or phone calls."  Doc. Ent. 31 at 2-3 ¶ 13.  Also, plaintiff claimed that it "has continuously attempted to contact Defendant to dismiss this matter for the reasons set forth above since June 2010.  However, Defendant has still failed to respond to Plaintiff's request for dismissal."  Doc. Ent. 31 at 3 ¶ 14.  *See also* Doc. Ent. 31 at 10, 12.

Furthermore, plaintiff had asserted that it "has been unable to respond to discovery due to an adverse effect on its physician-patient relationships as well as concerns regarding multiple potential HIPAA violations.  As discussed herein and evidenced by attached correspondence between State Farm and Plaintiff's patients, State Farm has elected to directly interfere with

---

[9]Additionally, defendant filed a motion (Doc. Ent. 16) to remove its February 4, 2010 filing (Doc. Ent. 15).  Judge Murphy granted this request.  Doc. Ent. 17.

Plaintiff's relationships with its patients."  Doc. Ent. 31 at 2 ¶ 13.[10]  Also, plaintiff asserted that it

"desires to pursue this action, but is unable to due to the greater harm on the physician-patient

relationship and therefore, its ability to remain in business while battling State Farm."  Doc. Ent.

31 at 3 ¶ 14.

> In reply, defendant stated:
>
> The Plaintiff in this matter has filed the Complaint; allowed discovery to be
> drafted and sent by the Defendant; has allowed motions to be filed and heard by
> this Court; has allowed orders to be entered by this Court; and has never filed a
> response or taken an ounce of time to do that which was required to do once it
> decided to file a complaint. Now the Plaintiff wants the Defendant to agree to
> voluntarily dismiss the matter without receiving an ounce of compensation for the
> thousands of dollars that has been spent in the defense of this clearly frivolous
> claim.

Doc. Ent. 32 at 3.  It was defendant's position that there had been "costs and attorney fees

wrongfully sustained."  Doc. Ent. 32 at 4.

***v.***    Here, the Court should agree in part with defendant's February 2, 2011 request for Fed.

R. Civ. P. 37 sanctions (Doc. Ent. 36 at 14-15).  In arriving at this recommendation, I note (a)

defendant's April and May 2010 requests for an award of "reasonable attorney fees so

wrongfully incurred in bringing this Motion along with whatever other relief this Court deems

appropriate[,]" Doc. Ent. 20 at 3 and 7, Doc. Ent. 22 at 3 and 7; (b) my July 13, 2010 order

denying these requests without prejudice to renewal once the discovery has been produced, Doc.

Ent. 26 at 2; (c) defendant's July 28, 2010 and February 2, 2011 claims that plaintiff did not

comply with my July 13, 2010 order, Doc. Ent. 27 at 2 ¶ 13, Doc. Ent. 36 at 2 ¶ 8, and (d)

---

[10]Attached to its response was a copy of a September 2, 2009 letter from defense counsel to
James Dunn regarding his August 31, 2009 letter, which apparently requested the legal justification
request to examine him under oath.  Doc. Ent. 31-1.

plaintiff's September 28, 2010 and February 24, 2011 assertions that "Plaintiff has been unable to respond to discovery due to an adverse effect on its physician-patient relationships as well as concerns regarding multiple potential HIPAA violations." Doc. Ent. 31 ¶ 13; *see also* Doc. Ent. 38 ¶ 13, Doc. Ent. 38 at 5.

Plaintiff's failure to respond to the Court's July 13, 2010 order (Doc. Ent. 26) was not substantially justified.  If, in fact, plaintiff had difficulty responding to the October 1, 2009 (Doc. Ent. 20-1) and April 19, 2010 (Doc. Ent. 22-2, Doc. Ent. 22-3) discovery requests, plaintiff's recourse was to file a motion for protective order pursuant to Fed. R. Civ. P. 26(c)(1).  This plaintiff did not do - either in response to defendant's April and May 2010 motions to compel (Doc. Entries 20 and 22) or in response to the Court's July 13, 2010 order (Doc. Ent. 26).

Therefore, the Court should require plaintiff and/or its counsel to reimburse defendant pursuant to Fed. R. Civ. P. 37(b)(2)(C) and/or Fed. R. Civ. P. 37(d)(3) for its reasonable expenses and attorney fees associated with the April 20, 2010 (Doc. Ent. 20) and May 27, 2010 (Doc. Ent. 22) motions to compel.

**c.      Defendant's request for attorney fees under Mich. Comp. Laws § 500.3148(2) should be granted in part.**

*i.      Defendant's Arguments*

Defendant argues that it is entitled to attorney fees under Mich. Comp. Laws § 500.3148 ("Attorney fees").  Doc. Ent. 36 at 16-19.  In pertinent part, this statute provides:

> ***An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation.*** To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against

16

the claimant for any amount of a fee awarded against him and not offset in this
way or otherwise paid.

Mich. Comp. Laws § 500.3148(2) (emphasis added).

Specifically, defendant states:

In this case, Plaintiff's claims against State Farm were either in some respect
fraudulent or, at a minimum, so excessive as to have no reasonable foundation.
Due to Plaintiff's conduct, it is apparent that this case was commenced for
purposes of harassment and as a "shakedown" to improperly obtain funds from
State Farm. Furthermore, despite State Farm's repeated requests for discovery in
this case, Plaintiff consistently failed to supply any evidentiary foundation in
support of its claims. That failure entitles State Farm to an award of its fees
incurred in defense of this case as contemplated by MCL 500.3148(2). Even if not
fraudulent (which State Farm disputes), Plaintiff's claim was, at a minimum, so
excessive as to have no reasonable foundation.

Doc. Ent. 36 at 18-19.

### ii.     This Court's Consideration of Mich. Comp. Laws § 500.3148(2) Fees

In several cases, this Court has considered requests for attorney fees pursuant to Mich.

Comp. Laws § 500.3148(2).  *See, i.e., Villaflor v. State Farm Mut. Auto. Ins. Co.,* 343 Fed.Appx.

33, 44 (6th Cir. 2009) ("we cannot say that plaintiff's claim was 'fraudulent.'  Nor can we say that

the district court erred by not finding plaintiff's claim to be 'so excessive as to have no

reasonable foundation.'"); *Another Step Forward v. State Farm Mut. Auto. Ins. Co.*, No. 06-

15250, 2010 WL 5293812 (E.D. Mich. Dec. 20, 2010) (Borman, J.) (affirming Aug. 31, 2010

report and recommendation of Komives, M.J.); *Another Step Forward v. State Farm Mut. Auto.

Ins. Co.*, No. 06-15250, 2010 WL 5293816 (E.D. Mich. Aug. 31, 2010) (Komives, M.J.) (report

and recommendation recommending denial of defendant's motion for attorney fees under Mich.

Comp. Laws § 500.3148(2)); *Dunn ex rel. Albery v. State Farm Mutual Auto. Ins. Co.*, 724

F.Supp.2d 701, 721 (E.D. Mich. 2010) (Zatkoff, J.) ("the Court finds that Defendant is not

17

entitled to attorney fees pursuant to Mich. Comp. Laws § 500.3148(2).");[11] *Pakenas v. State Farm Mut. Auto. Ins. Co.*, No. 05-60152, 2009 WL 2923046, 1 (E.D.Mich. Sept. 10, 2009) ("the court finds that Plaintiff's claim 'was in some respect fraudulent or so excessive as to have no reasonable foundation' and Defendant is entitled to a reasonable attorney fee pursuant to M.C.L. 500.3148(2)."); *Wynn v. State Farm Mut. Auto. Ins. Co.*, No. 06-10534, 2009 WL 1600691 (E.D.Mich. June 8, 2009) (Cohn, J.) (order denying motion for attorney fees under Mich. Comp. Laws § 500.3148(2));[12] *Healthcall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.,* 632 F.Supp.2d 676, 682-683 (E.D. Mich. 2009) (Whalen, M.J.) ("because the Defendant prevailed in 11% of the total amount claimed, it is entitled to 11% of its claimed attorney fees and costs."); *Citizens Ins. Co. of America v. Moyer*, No. 04-73909, 2009 WL 483324, 4 (E.D. Mich. Feb. 25, 2009) (Lawson, J.) ("The plaintiff has failed to show an error of fact or law that undermines the validity of the Court's previous ruling on the plaintiff's motion for attorney's fees brought under Mich. Comp. Laws § 500.3148(2)."); *Shures v. State Farm Mut. Auto. Ins. Co.*, No. 04-72396, 2009 WL 187689, 2 (E.D.Mich. Jan. 26, 2009) (denying defendant's Mich Comp. Laws §

---

[11]"[T]he Court does not accept Defendant's argument that Intervenor-Plaintiff's claim was 'so excessive as to have no reasonable foundation' merely because the jury found that benefits were not overdue." *Dunn*, 724 F.Supp.2d at 720. Also, "the issue of whether benefits were overdue is a separate issue from whether Intervenor-Plaintiff was entitled to benefits[,]" and "[a] finding that Intervenor-Plaintiff failed to prove that Defendant did not pay benefits within thirty days after reasonable proof of the fact and of the amount of the loss sustained does not mean that Intervenor-Plaintiff failed to submit reasonable proof that it was nonetheless entitled to reimbursement for its expenses." *Dunn*, 724 F.Supp.2d at 720-721.

[12]"Failure of proofs at trial sufficient to persuade a jury of liability is not the same as an absence of proofs. Between February 07, 2006, the date this case was removed to federal court, and April 22, 2009, the date of the jury verdict, the docket reflects over 100 entries. Twice summary judgment was denied defendant. Considering the totality of the circumstances, it cannot be said that plaintiff's claim for attendant care expenses was fraudulent or excessive." *Wynn*, 2009 WL 1600691, 1.

500.3148(2) motion for attorney fees) (Cox, J.); *Hough v. State Farm Ins. Co.*, No. 06-10764, 2007 WL 2902255, 4 (E.D. Mich. Oct. 4, 2007) (Duggan, J.) ("Because, as set forth above, the Court has determined that Defendant was 'unreasonable' in paying some of the amounts sought by Plaintiff, the Court does not find that Plaintiff's claim was 'fraudulent or so excessive as to have no reasonable foundation.'"); *Franklin v. State Farm*, No. 04-40286, 2006 WL 3343742, 2 (E.D. Mich. Nov. 17, 2006) (Gadola, J.) (granting defendant's motion for attorney fees under Mich. Comp. Laws § 500.3148(2)).

### iii.   *The Request for $22,500.20 in Attorney Fees*

Of the $43,725.20 in fees sought, $22,500.20 is attributable to attorneys James F. Hewson, Christine M. Sutton, Diane L. Hewson, Jeffrey S. Coleman and Margaret A. Scott. Doc. Ent. 36-4 ¶¶ 6-7; Doc. Ent. 36-5 at 25 ($4,252), 49 ($4,132.20), 76 ($5,492), 102 ($4,012), 129 ($4,612).

In support of its argument that it is entitled to an award of attorney fees under Mich. Comp. Laws § 500.3148(2), defendant relies upon *Franklin*[7] and *HealthCall of Detroit*,[8] as well as the state court cases of *Robinson v. Allstate Insurance Company*, Nos. 244824 & 245363,

---

[7]*Franklin*, 2006 WL 3343742 at 2 ("Defendant is entitled to an award of reasonable attorney fees as authorized by M.C.L. § 500.3148(2).").

[8]"As modified above, Defendant's Motion for Attorney Fees Pursuant to M.C.L. § 500.3148(2) [Docket # 134] is GRANTED." *Healthcall of Detroit, Inc.*, 632 F.Supp.2d at 686.

2004 WL 1057811 (Mich. App. May 11, 2004)[9] and *Stoops v. Farm Bureau Ins. Co.*, Nos. 260454 & 261917, 2006 WL 751404 (Mich. App. Mar. 23, 2006).[10]

## A.

The Court should conclude that plaintiff's claims were not "in some respect fraudulent or so excessive as to have no reasonable foundation" at their June 15, 2009 inception. Plaintiff's complaint alleged an outstanding balance of $67,514.65 due and owing to plaintiff (Doc. Ent. 1 ¶ 19) for reimbursement of allowable expenses. Within the claim for tortious interference with a business relationship, plaintiff sought compensatory damages in excess of $53,116.65 (Doc. Ent. 1 ¶ 30). Plaintiff also provides the affidavit of Joseph Lupo, D.C., wherein Lupo states that he contacted plaintiff's counsel around May 1, 2009 and this case was filed on or about June 8, 2009 at Lupo's request. Doc. Ent. 38-5 ¶¶ 9-11.

Furthermore, plaintiff has maintained the alleged validity of its claims in its post-complaint filings. In response to defendant's July 28, 2010 motion (Doc. Ent. 27), plaintiff stated that "[w]hile Plaintiff's claims against Defendant, State Farm Mutual Automobile Insurance Company are valid, Plaintiff has elected to not pursue this action any further to avoid further jeopardizing Plaintiff's clientele." Doc. Ent. 31 at 10.

In its response to the instant motion, plaintiff argues that Mich. Comp. Laws § 500.3148(2) "is entirely inapplicable to the current situation where Plaintiff felt unduly harassed,

---

[9]"[A] $4000 verdict on an $82,000 claim is evidence that the jury found that plaintiff's claim 'was in some respect fraudulent or so excessive as to have no reasonable foundation,'" and remand for the "award of a reasonable sum.'" *Robinson*, 2004 WL 1057811 at 1 (quoting Mich. Comp. Laws § 500.3148(2)).

[10]"In sum, we are not left with a definite and firm conviction that the trial court clearly erred by awarding defendant attorney fees under § 3148(2)." *Stoops*, 2006 WL 751404 at 8.

20

intimidated, and believed that his physician-patient relationship was being harmed by State Farm's egregious tactics." Doc. Ent. 38 at 4 ¶ 17. Furthermore, plaintiff refers to "scholarly articles written across the country on the effectiveness of non-surgical decompression, news broadcasts specifically addressing governmental approval, and 6:29 hours spent by defendant researching Non-Surgical spinal decompression." *See* Doc. Ent. 38-1 [Exhibit A], Doc. Ent. 38-2 [Exhibit B], Doc. Ent. 38-3 [Lowery Billing]. Also, plaintiff's counsel notes it "has litigated this exact same issue on prior occasions with State Farm and other insurance companies to a successful resolution." Citing defense counsel's billing with respect to Gail Lowery (Doc. Ent. 38-3 [Lowery Billing]),[11] plaintiff claims that "[d]efense counsel ha[d] to bill several hours in order to craft a 'unique' approach to sanctions and attorney fees." Doc. Ent. 38 at 8.

Based upon plaintiff's complaint (Doc. Ent. 1) and responses (Doc. Entries 31 and 38), I conclude that plaintiff's claims were not "in some respect fraudulent or so excessive as to have no reasonable foundation[,]" at their June 15, 2009 inception.

**B.**

However, there remains the issue of the diligence with which plaintiff and its counsel prosecuted this case, and whether any lack of diligence on plaintiff's or its counsel's part caused defendant to incur unnecessary legal expense. As noted above, plaintiff filed this case on June 15, 2009 (Doc. Ent. 1) and it was dismissed on January 26, 2011 (Doc. Ent. 35). In that time, plaintiff filed only a motion to remand (Doc. Ent. 9) and a response (Doc. Ent. 31) to defendant's dispositive motion (Doc. Ent. 27), never filing a response to either of defendant's motions to

---

[11]Apparently, plaintiff is referring to the plaintiff is referring to the September 21, 2010, 1.04 hour billing by paralegal Linda R. Wynn for "research, case cite and identify potential exhibits for unique slant on motion for attorney fees and Rule 11 sanctions." Doc. Ent. 38-3 at 24.

compel (Doc. Entries 20 and 22) and apparently not complying with my July 13, 2010 discovery order (Doc. Ent. 26).  Relatedly, the Court should consider whether there was a point at which defense counsel should have reasonably expected there was no need to incur the expense of defending this case.

To answer these questions requires the clarification of two critical dates: (1) the date on which plaintiff informed its counsel to dismiss the case and (2) the date on which plaintiff's counsel communicated that information to defense counsel.  Plaintiff's September 28, 2010 and February 24, 2011 filings shed *some* light on this timeline.

On April 14, 2010, plaintiff's counsel (Heather Atnip) contacted defense counsel (Diane L. Hewson) and had a telephone conference regarding settlement.  According to plaintiff, "[i]t was agreed that Plaintiff would draft a letter indicating [and] outlining a proposed settlement arrangement and demand."  Doc. Ent. 38 at 8, Doc. Ent. 38-3 at 14 [Lowery Billing].

Plaintiff claims to have sent a letter concerning the proposed settlement on May 7, 2010. Doc. Ent. 38 at 8-9.  That same day, defense counsel Diane L. Hewson received/reviewed "correspondence from opposing counsel regarding offer to resolve litigation," and, on May 11, 2010, paralegal Linda R. Wynn received and reviewed "letter from plaintiff regarding settlement[,]" Doc. Ent. 38-3 at 16-17.  According to plaintiff, on May 14, 2010, plaintiff's counsel followed up with defense counsel regarding the letter, but defense counsel claimed to have not yet received the letter.  Doc. Ent. 38 at 9; *see also* Doc. Ent. 38-4 [May 13, 2010 electronic mail exchange between counsel for the parties].[12]

---

[12]On May 13, 2010, plaintiff's counsel electronically mailed defense counsel regarding the letter concerning the DRX9000™, Lupo and State Farm.  That day, defense counsel responded, "What letter?"  Doc. Ent. 38-4.

On June 10, 2010, counsel for the parties had a telephone conference regarding the demand letter from Lupo.  Doc. Ent. 38-3 at 18 [Lowery Billing].  Also, plaintiff has stated that its counsel "has attempted to contact Defense counsel numerous times beginning as early as June and/or July, 2010 via telephone and email to dismiss this action without prejudice and without costs to either party."  Doc. Ent. 31 at 10; *see also* Doc. Ent. 38 at 11.  On June 21, 2010, paralegal Linda R. Wynn had a telephone conference with the Court regarding the outstanding motions to compel.  Doc. Ent. 38-3 at 20 [Lowery Billing].  On July 12, 2010, paralegal Michelle L. Wypiszewski spoke with plaintiff's counsel regarding a stipulated order.  Doc. Ent. 38-3 at 21 [Lowery Billing].  The following day, July 13, 2010, I entered my order (i) granting defendant's April 20, 2010 motion to compel responses to discovery (Doc. Ent. 20); (ii) granting defendant's May 27, 2010 second motion to compel responses to discovery (Doc. Ent. 22); and (iii) cancelling the July 14, 2010 hearing.  Doc. Ent. 26.  On July 14, 2010, paralegal Linda R. Wynn spoke with plaintiff's counsel's office regarding an extension of dates.  Doc. Ent. 38-3 at 21 [Lowery Billing].

Plaintiff's counsel maintains that "[t]hrough the month of August [2010],[13] Plaintiff's counsel called a few times and left a message or two on Ms. Hewson's voicemail and had two additional conversations with various support staff members with no response."  Doc. Ent. 38 at 10.[14]  Plaintiff notes that "[f]inally, on September 2, 2010, Plaintiff's counsel sent the attached

---

[13]According to plaintiff's counsel, attorney Hewson was on medical leave during July 2010 (Doc. Ent. 38 at 10-11) and was planning an August 2010 wedding (Doc. Ent. 38 at 9, 13).

[14]During the March 15th hearing, there was mention of answers to request(s) for admissions. Perhaps counsel was referring to the August 26th and 27th drafting of request(s) for admissions (Doc. Ent. 38-3 at 23) and the September 28th "review of plaintiff's response to State Farm's request for admissions[,]" (Doc. Ent. 38-3 at 24-25).  *See also* Doc. Ent. 36 at 11 (08/27/10 discovery).

23

e-mail indicating that there had been difficulty in getting through to Ms. Hewson; however, conveying Lupo Chiropractic's desire to dismiss this action to avoid further harassment[,]" and "Ms. Hewson's office began preparing a Stipulated Order for Dismissal that same day."  Doc. Ent. 38 at 10; *see also* Doc. Ent. 38 ¶ 15, Doc. Ent. 38-3 at 23 [Lowery Billing], Doc. Ent. 38-6 [09/02/10 Electronic Mail].[15]

If the Court agrees with my foregoing conclusion that plaintiff's claims did not warrant an award of Section 500.3148(2) attorney fees at their June 15, 2009 inception, then it should only award such fees if there was another point during the case when the claims became "in some respect fraudulent or so excessive as to have no reasonable foundation."  Mich. Comp. Laws § 500.3148(2).  This may have occurred if plaintiff was dilatory in informing defendant of its desire to dismiss the case.

Although plaintiff's filings shed some light on this timeline, resolution of this issue would be much easier if the Court had an affidavit from plaintiff's counsel regarding the date on which it was directed to dismiss the case.  The answer to that question is relevant to determining whether counsel acted with the requisite haste when receiving its client's direction to dismiss this matter.  While Lupo's affidavit attests that, against the advice of counsel, he decided to "release/dismiss [his] valid claims against State Farm and allow [his] patients some assurance of peace of mind that their own insurer would cease the harassment[,]" Doc. Ent. 38-5 ¶ 14, it does not provide the date on which he did so.[16]

---

[15]In the September 2, 2010 electronic mail to defense counsel, plaintiff's counsel informed defense counsel of Lupo's instruction to dismiss this case.  Doc. Ent. 38-6.

[16]However, plaintiff's response suggests this decision followed Lupo Chiropractic's early to mid-June 2010 phone calls to plaintiff's counsel regarding patient concerns.  Doc. Ent. 38 at 9.

The Court should require plaintiff and/or its counsel to reimburse defendant for its reasonable expenses and attorney fees caused by plaintiff's failure to timely file its own motion seeking a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  If, in fact, plaintiff has been attempting to voluntarily dismiss this action since June 2010, it is not clear why plaintiff did not file its own motion seeking a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  Depending on when plaintiff's counsel was informed of plaintiff's desire to dismiss the case, a timely filed Rule 41(a) motion may have avoided defendant's July 28, 2010 motion to dismiss (Doc. Ent. 27) and its related October 4, 2010 reply (Doc. Ent. 32).

In other words, the Court should award under Mich. Comp. Laws § 500.3148(2) any portion of the $22,500.20 in attorney fees incurred by defendant which is attributable to any unreasonable delay between the (1) the date on which plaintiff informed its counsel to dismiss the case and (2) the date on which plaintiff's counsel communicated that information to defense counsel.  *See, i.e., Svete v. Wunderlich*, No. 09-00357, 2010 WL 654002, 2 (S.D. Ohio Jan. 29, 2010) (Ovington, M.J.) (as a "term" of a Rule 41(a)(2) dismissal, "Plaintiff should be held accountable for 'Defendants Whitfield's and Wunderlich's reasonable expenses, including attorneys fees, caused by Plaintiff's failure to comply with Court Orders and other discovery

25

obligations[.]'").[17]  Likewise, defendant should not be awarded attorney fees incurred beyond the

point that it should have known it no longer needed to incur expense in defense of this case.

*iv.*      ***The Request for $21,225 in Paralegal Fees***

Of the attorney fees sought, $21,225 is attributable to paralegals Linda R. Wynn, Amy L.

Vedder, Michelle L. Wypiszewski and Michelle M. Brown.  Doc. Ent. 36-4 ¶¶ 10-12, Doc. Ent.

36-5 at 25 ($3,813), 49 ($3,160.50), 76 ($3,918), 102 ($5,455.50), 129 ($4,878).  State Farm

seeks "a reasonable rate of $75.00 for paralegal time pursuant to the State Bar of Michigan 2007

Economics of Law Practice Survey."  Doc. Ent. 36 at 4 ¶ 19.  In support of its request for

paralegal fees, defendant relies upon M.C.R. 2.626 ("Attorney Fees"), which states, "[a]n award

of attorney fees may include an award for the time and labor of any legal assistant who

contributed nonclerical, legal support under the supervision of an attorney, provided the legal

assistant meets the criteria set forth in Article 1, § 6 of the Bylaws of the State Bar of Michigan."

Doc. Ent. 36 at 21.

However, this Court has stated that "[u]nder Michigan law, unless the statute provides

otherwise, paralegal fees are not separately recoverable."  *Pakenas v. State Farm Mut. Auto. Ins.

Co.*, No. 05-60192, 2009 WL 2923046, 2 (E.D. Mich. Sept. 10, 2009) (O'Meara, J.) (referencing

*Allard v. State Farm Ins. Co.*, 271 Mich.App. 394, 722 N.W.2d 268, 275 (2006)).  Furthermore,

---

[17]I acknowledge defendant's argument regarding the calculation of attorney fees (Doc. Ent. 36 at 19-22); plaintiff's denial that "State Farm's attorneys spent 395 hours litigating this matter[,]" Doc. Ent. 38 ¶ 18; plaintiff's statement that defense counsel's billing statements are duplicative (Doc. Ent. 38 at 11); as well as plaintiff's response that "[i]n the event that this Court finds that defendant is entitled to sanctions, plaintiff is entitled to an evidentiary hearing as to defendant's alleged attorney fees and costs[,]" (Doc. Ent. 38 at 15-16).

However, I decline to make a recommendation beyond that already stated, other than to observe that "State Farm is requesting the hourly rate of $200 for the work performed by all attorneys[.]" Doc. Ent. 36 at 21.

this Court stated, "[t]he statute, M.C.L. 500.3148(2), does not provide for paralegal fees." *Pakenas*, 2009 WL 2923046 at 2. Accordingly, Judge O'Meara did not award paralegal fees. *Id*.

So it should be here. The Court should deny State Farm's motion to the extent it seeks an award of paralegal fees pursuant to Mich. Comp. Laws § 500.3148(2).

### v.    *The Request for $7,314.88 in Expenses*

Defendant claims that, to date, its attorneys "have spent . . . $7,314.88 in expenses in defending and preparing for trial in this matter." Doc. Ent. 36 at 4 ¶ 18. The request for reimbursement for attorney costs totaling $7,314.88 spans the period from July 28, 2009 to September 1, 2010. Doc. Ent. 36-6. Defendant claims that its "expenses incurred in defending and prevailing in this lawsuit are reasonable attorney fees and should be awarded pursuant to M.C.L. §500.3148(2)." Doc. Ent. 36 at 21.

However, as noted above, the statute under which defendant is seeking an award provides that "[a]n insurer may be allowed by a court ***an award of a reasonable sum*** against a claimant ***as an attorney's fee for the insurer's attorney*** in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." Mich. Comp. Laws § 500.3148(2) (emphasis added).

Defendant's discussion of Mich. Comp. Laws § 500.3148(2) (Doc. Ent. 36 at 16-19) does not argue that expenses may be awarded under Section 500.3148(2).[18] Additionally, defendant's

---

[18]To be sure, with respect to the calculation of attorney fees (Doc. Ent. 36 at 19-22), defendant does cite *Crawley v. Schick*, 48 Mich. App. 728, 737, 211 N.W.2d 217 (1973) ("among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) ***the expenses incurred***; and (6) the nature and length of the professional relationship with the client.") (emphasis added) and *Wood v. Detroit Auto. Inter-Insurance Exchange*, 413 Mich.

discussion of the calculation of attorney fees (Doc. Ent. 36 at 19-22) states that "expenses incurred in defending and prevailing in this lawsuit are reasonable attorney fees and should be awarded pursuant to [Section] 500.3148(2)[,]" but cites no authority for this statement.  Doc. Ent. 36 at 21-22.  Furthermore, a conclusion that expenses are not provided for in Mich. Comp. Laws § 500.3148(2) is consistent with this Court's ruling in *Pakenas*, 2009 WL 2923046 at 2, that paralegal fees were not compensable under Section 500.3148(2).

Accordingly, the Court should deny defendant's motion to the extent it seeks an award of expenses under Mich. Comp. Laws § 500.3148(2).[19]

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

---

573, 587-588, 321 N.W.2d 653, 661 (1982) (citing *Crawley*, 48 Mich. App. at 737).  Doc. Ent. 36 at 19-20.

However, a determination that the Court may consider the expenses incurred when determining the reasonableness of counsel's attorney fee for purposes of Mich. Comp. Laws § 418.827 of the Michigan's Worker's Disability Compensation Act (*Crawley*), or for purposes of Mich. Comp. Laws § 500.3148(1) of Michigan's No-Fault Insurance Act (*Wood*), is not the same as a determination that an attorney's expenses are compensable under Mich. Comp. Laws § 500.3148(2), as is the issue here.  This is so, because the standard in Section 500.3148(1) states "[t]he attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."   *See also Healthcall of Detroit, Inc.*, 632 F.Supp.2d at 678-682 (analysis of plaintiff's motion regarding attorney fees and interest, wherein the Court cites *Wood*), at 682-683 (analysis of defendant's motion for attorney fees under Mich. Comp. Laws § 500.3148(2), within which the Court stated, "[p]revailing parties are also entitled to costs.  *See* M.C.R. 2.625; M.C.L. §§ 600.2405, 600.2441, 600.2555, 600.2549, 600.2552.").

[19]Defendant's February 2, 2011 motion makes no mention of Fed. R. Civ. P. 54(d)(1) ("Costs Other Than Attorney's Fees.") or Fed. R. Civ. P. 54(d)(2) ("Attorney's Fees.").

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 4/26/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on April 26, 2011.

s/Eddrey Butts
Case Manager