UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUPO CHIROPRACTIC LIFE CENTER P.C.,

     Plaintiff,

                                          Civil Action No. 09-CV-12615

vs.                                    HON. MARK A. GOLDSMITH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.
_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (D.E. 41) AND ORDERING AN EVIDENTIARY HEARING

I.      **Introduction**

      This matter is before the Court on the "Objection and Appeal" (Docket Entry ("D.E.") 42) filed by Plaintiff Lupo Chiropractic Life Center P.C. to the Report and Recommendation ("R&R") filed May 23, 2011 (D.E. 41).   The R&R followed this Court's referral to the Magistrate Judge of Defendant State Farm Mutual Automobile Insurance Company's motion for sanctions, attorneys and costs (D.E. 36).[1]

---

[1] The Court had referred the motion for hearing and decision, but the Magistrate Judge correctly noted that he had no jurisdiction to decide the motion, given that the motion was filed after entry of an order of dismissal.  D.E. 36 at 6, citing Massey v City of Ferndale, 7 F.3d 506 (6th Cir. 1993).  The parties agreed on the record before this Court on June 1, 2011 that the Magistrate Judge had properly decided to issue a report and recommendation, and that neither party had any objection to this Court reviewing the report and recommendation, even though the matter had been referred for a decision.

Having reviewed the R&R, as well as the parties' submissions, the Court adopts the recommendation to grant State Farm's motion, in part, and orders an evidentiary hearing to determine the amount to which State Farm is entitled.

## II.   Discussion

A provider of chiropractic services, Plaintiff filed this action in Macomb County Circuit Court, seeking reimbursement, under Mich. Comp. Laws § 500.3101 et seq., for allowable expenses incurred with respect to several persons insured by State Farm; seeking damages for fraud, misrepresentation and tortious interference; and requesting declaratory relief.   After removal to this Court, the parties stipulated to dismissal of all claims, except the claim for reimbursement and for declaratory relief.   D.E. 8.   Following some discovery and motion practice, the parties began to discuss dismissal of the case, but certain issues – whether the dismissal should be with or without prejudice and whether Plaintiff should pay State Farm any costs – continued to divide them.   Eventually, the parties agreed to a dismissal of the case with prejudice, but without prejudice to State Farm's right to file a motion for payment of costs and attorney fees.   An order to that effect was entered on January 26, 2011.   D.E. 35.

State Farm filed a motion for sanctions, attorney fees and costs based on Plaintiff's initial filing of the Complaint, its maintenance of the suit thereafter, and the failure to comply with certain discovery obligations.   The Magistrate Judge reviewed the parties' submissions and heard oral argument, following which he issued a 29-page R&R thoroughly reviewing the positions of the parties.   The  R&R urged this Court to grant the motion in part as follows:

- Deny any sanctions under Fed. R. Civ. P. 11 because (i) the motion violates Rule 11(c)(2), as it was made in conjunction with requests for relief under other provisions of law; (ii) the motion failed to comply with the safe-harbor provision of Rule 11(c)(2); (iii) Plaintiff could have brought a motion under Rule 11(c) earlier but failed to do so.

- Grant sanctions, in part, under Fed. R. Civ.P. 37(b)(2)(C) and/or Fed. R. Civ. P. 37 (d)(3) for Plaintiff's failure to respond to the Court's July 13, 2010 order (D.E. 26), which had required Plaintiff to answer certain interrogatories and document requests.

- Grant sanctions, in part, under Mich. Comp. Laws § 500.3148(2) for any portion of the $22,500.20 in attorney fees incurred by State Farm that is attributable to any unreasonable delay between the date on which Plaintiff informed its counsel to dismiss the case and the date on which Plaintiff's counsel communicated that information to State Farm's counsel. Any request for payment of legal assistant fees or other expenses should be denied as unauthorized under the statute.

Plaintiff's Objection does not specifically take issue with any of these recommendations or any other matter in the R&R. As State Farm points out in its Response, the failure to file specific objections constitutes a waiver of any error. Thomas v Arn, 474 U.S. 140, 155 (1985). The reason for the waiver rule is explained in Howard v Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1981):

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Because Plaintiff's Objection – and State Farm's Response as well – contain no specific objection to any particular matter in the R&R, any error that might be contained in the R&R is waived.

Nonetheless, this Court has thoroughly reviewed the R&R and finds the factual and legal statements it contains to be fully supportable. Accordingly, the Court adopts the recommendations made by the Magistrate Judge and grants State Farm's motion in part, as urged.

As noted in the R&R at 24-26, the present record does not firmly establish the date when Plaintiff directed its counsel to dismiss the case and when that information was communicated to

3

State Farm's counsel.  Because a district judge is permitted to "receive further evidence" following the receipt of an R&R, Fed. R. Civ. P. 72(b)(3), the Court exercises its discretion to order an evidentiary hearing to determine those dates.  At the hearing, the parties shall present whatever evidence they have establishing those dates and the amount and reasonableness of the attorney fees to be granted by the Court.

## III.   Conclusion

For the above reasons, the Court adopts the R&R and grants, in part, State Farm's motion for sanctions, attorney fees and costs (D.E. 36).  The Court orders an evidentiary hearing to be conducted on August 3, 2011 at 1:30p.m. at the U.S. Courthouse in Flint, Michigan.

SO ORDERED.

s/Mark A. Goldsmith_____
MARK A. GOLDSMITH
United States District Judge

Dated:  June 22, 2011
          Flint, Michigan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2011.

s/Deborah J. Goltz_____
DEBORAH J. GOLTZ
Case Manager

4